UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

               Plaintiff,

   v.

CEDRIC JACKSON,

               Defendant.

CR12-330 TSZ

ORDER

THIS MATTER comes before the Court on defendant's motion for compassionate release, docket no. 61.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order DENYING the motion.

**<u>Background</u>**

Defendant was sentenced on July 25, 2013, to 168 months in the custody of the United States Bureau of Prisons ("BOP").  Judgment (docket no. 57).  Defendant is currently incarcerated at FCI Pollock and has a projected release date of December 25, 2024.  He seeks immediate release on the ground that his age,[1] race (black or African

---

[1] In his motion, defendant states that he is 51 years old.  Defendant is actually only 43 years of age, having been born in 1977.  <u>See</u> Ex. A to Gov't Resp. (docket no. 67); <u>see also</u> Presentence Investigation Report at 2 (docket no. 46).

1  America), and medical condition (asthma) increase the possibility of acute illness or

2  death from Coronavirus Disease 2019 ("COVID-19").

3  **Discussion**

4  **A.**     **Exhaustion**

5          A sentence is generally considered final and may not be altered except in limited

6  circumstances.  *See* 18 U.S.C. § 3582(b); *see also* *Dillon v. United States*, 560 U.S. 817,

7  824 (2010).  Pursuant to the First Step Act of 2018, a defendant may directly request a

8  reduction in the term of incarceration, but must first exhaust all administrative remedies.

9  *See* 18 U.S.C. § 3582(c)(1)(A).  Defendant indicates that, on May 4, 2020, he submitted a

10  compassionate-release request to the warden at FCI Pollock and received no response.

11  The Government, however, has provided evidence that the warden issued a written denial

12  of defendant's request on May 15, 2020.  *See* Ex. B to Gov't Resp. (docket no. 65-1).

13  The record contains no indication that defendant appealed the warden's ruling through

14  BOP's Administrative Remedy Procedure, and thus, the Court has no jurisdiction to hear

15  defendant's current motion for compassionate release.  *See* *United States v. Blinks*, 2020

16  WL 5366728 at *1-2 (E.D. Cal. Sep. 8, 2020).

17  **B.**     **Denial Based on Current Medical Condition**

18          Even if defendant had exhausted his administrative remedies, he would not be

19  entitled to relief.  Defendant bears the burden of establishing "extraordinary and

20  compelling reasons" justifying a reduction in his sentence.  *See* *United States v. Powers*,

21  2020 WL 3605748 (W.D. Wash. July 2, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i).  In

22  determining whether "extraordinary and compelling reasons" exist, the Court considers

23

ORDER - 2

1   the "helpful guidance" offered by the application notes to United States Sentencing

2   Guideline ("USSG") § 1B1.13.  *See* *United States v. Lineberry*, 2020 WL 6685044 at *1

3   (W.D. Wash. Nov. 12, 2020).

4          Defendant contends that he is more vulnerable to COVID-19 because of his age,

5   race, and asthma.  According to the Centers for Disease Control and Prevention ("CDC"),

6   defendant's age is not a significant risk factor.  *See* https://www.cdc.gov/coronavirus/

7   2019-ncov/need-extra-precautions/older-adults.html (indicating that 80% of COVID-19

8   related deaths reported in the United States have been in adults 65 years of age or older).

9   Similarly, defendant's race is not itself a risk factor; the CDC considers race and ethnicity

10  as merely "risk markers for other underlying conditions that impact health – including

11  socioeconomic status, access to health care, and increased exposure to the virus due to

12  occupation."  *See* https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-

13  discovery/hospitalization-death-by-race-ethnicity.html.  Other than having asthma, which

14  is well controlled with medication, defendant is in good health and has ample access to

15  medical services.  *See* Ex. 3 to Def.'s Mot. (docket no. 62); Ex. A to Gov't Resp. (docket

16  no. 67).

17         Defendant's asthma is also not a basis for release.  The CDC regards asthma as

18  only a possible risk factor, and then, only if the asthma is moderate to severe.  *See*

19  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

20  medical-conditions.html#asthma.  The evidence of any correlation between asthma and

21  increased risk of severe illness from the coronavirus that causes COVID-19 is "mixed."

22  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

23

1    Defendant's medical records reflect that he takes a corticosteroid (mometasone furoate)

2    on a daily basis to control his asthma and that, although albuterol has been prescribed, he

3    rarely needs the inhaler for "rescue use."  *See* Ex. 3 to Def.'s Mot. (docket no. 62 at 1, 4).

4    On this record, defendant has made no showing of an "extraordinary and compelling"

5    reason for compassionate release.  *See* *United States v. David*, 2020 WL 2526568 (W.D.

6    Wash. May 18, 2020).

7          Finally, defendant's contention that possible future risks at FCI Pollock justify

8    release is unavailing.  This contention is entirely speculative and merely raises

9    generalized concerns that do not support a reduction in his sentence.  *See* *United States v.*

10   *Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also* *United States v. Williams*, 2020 WL

11   3037075 at *3-4 (W.D. La. June 5, 2020).

12   **C.**    **Denial Based on Safety to the Community**

13         A defendant may be granted compassionate release only if he or she is "not a

14   danger to the safety of any other person or to the community," as evaluated in the manner

15   outlined in 18 U.S.C. § 3142(g).  USSG § 1B1.13(2).  Having considered the relevant

16   factors, the Court concludes that, even if defendant could demonstrate "extraordinary and

17   compelling reasons" to support his motion, he has not made the requisite showing that his

18   immediate release would not pose a risk to the "the safety of any other person or to the

19   community."  Defendant's lengthy criminal history and his willingness to commit new

20   crimes while on federal supervised release demonstrate that he is a significant risk to

21   reoffend.  His convictions have involved attempted robbery, residential burglary, assault,

22   first-degree escape, drug crimes, and unlawful possession of firearms.  While on

23

ORDER - 4

1   supervised release, defendant was found in possession of four (4) separate firearms.  In

2   addition, defendant has been disciplined while in prison for disposing of contraband

3   during a search and possession of drugs/alcohol, a dangerous weapon, and a hazardous

4   tool.  _See_ Ex. C to Gov't Resp. (docket no. 65-2).  The Court finds that defendant poses a

5   high danger to the community if he is released from prison.

6   **Conclusion**

7       For the foregoing reasons, the Court ORDERS:

8       (1)     Defendant's motion for compassionate release, docket no. 61, is DENIED;

9   and

10      (2)     The Clerk is directed to send a copy of this Order to all counsel of record.

11  IT IS SO ORDERED.

12  Dated this 19th day of November, 2020.

13

14                                          Thomas S Zilly

15                                          Thomas S. Zilly
                                            United States District Judge

16

17

18

19

20

21

22

23

ORDER - 5